**UNITED STATES DISTRICT COURT**
**District of New Jersey**

**CHAMBERS OF**
**JOSE L. LINARES**
**JUDGE**

**MARTIN LUTHER KING JR.**
**FEDERAL BUILDING & U.S. COURTHOUSE**
**50 WALNUT ST., ROOM 5054**
**P.O. Box 999**
**Newark, NJ 07101-0999**
**973-645-6042**

**NOT FOR PUBLICATION**

**LETTER OPINION**
**ORIGINAL TO BE FILED WITH THE CLERK OF THE COURT**

June 5, 2007

**Re:**  **ACLU v. US Tax Court**, No. 07-1616

Dear Parties:

    Mr. Henry Broderick, who identifies himself as "Professor Broderick" initiated the instant lawsuit *pro se* and purportedly on behalf of the American Civil Liberties Union ("ACLU") against the United States Tax Court ("Tax Court") and the Internal Revenue Service ("IRS") on April 5, 2007. Professor Broderick uses the ACLU logo; includes the ACLU's internet address on his papers; and claims his email address is american_civil_liberties_union@earthlink.net. He asserts that pursuant to a Certificate of Trade Name, executed by Professor Broderick, he is authorized to transact business under the name "American Civil Liberties Union," which he identifies as a "political party".

    A review of the complaint in this matter reveals no discernable, cognizable claims for relief. Instead, the complaint consists of a summary of Professor Broderick's previous contacts with the Tax Court and the IRS and an attempt to set up a pre-trial conference with the parties at his home in Sparta, New Jersey.[1] It appears that Plaintiff asks the Court to award "1/50 of trillion dollars" if Defendants fail to attend his pre-trial conference and as ultimate relief. To date, Plaintiff has not served Defendants with the summons and complaint. This "pre-trial conference," which Professor Broderick scheduled for April 10, 2007, did not occur.

    On May 7, 2007, the ACLU filed a motion to intervene in this case and to either strike its name from the complaint or dismiss this matter without prejudice for lack of standing. The ACLU claims that Professor Broderick was not authorized to commence this lawsuit on behalf of the ACLU and improperly used the ACLU logo and trademarks in filing this action in this Court. The terms "American Civil Liberties Union" and "ACLU" are registered with the United States

---

[1] Professor Broderick attaches directions to his Sparta, New Jersey home to his complaint and states that it would not be inconvenient to hold a pre-trial conference at his home because the government officials can "car pool" to his home, saving the taxpayers money.

Patent and Trademark Office and are owned by the ACLU.[2]  The ACLU informed Professor Broderick of his unauthorized initiation of this lawsuit via letter dated April 5, 2007.  Professor Broderick responded to the ACLU's letter in writing that he had been a "card carrying member of the ACLU" for many years and that he has registered the name "American Civil Liberties Union" in New Jersey as a "political party."

   Professor Broderick failed to file a timely response to the ACLU's motion.  His response was due on May 15, 2007.  The Court received a response from Professor Broderick on May 23, 2007.  Nevertheless, considering Professor Broderick's *pro se* status, the Court will consider his response.  In his brief, Professor Broderick does not challenge the legal grounds that support the ACLU's motion and does not contest the ACLU's assertions that he is not an employee of the ACLU or otherwise authorized to bring the instant lawsuit on behalf of the ACLU.  Instead, Professor Broderick claims that since he is a member in good standing of the ACLU and his "actions are in line with the philosophy and standards set by the ACLU," he may bring the instant lawsuit on behalf of the ACLU.  He further claims, as he did in his response to the ACLU's letter, that he has registered the name "American Civil Liberties Union" in New Jersey as a "political party."

   Given the foregoing, and after considering the parties' submissions, the Court grants the ACLU's motion to intervene because such motion was timely filed;[3] the ACLU has a sufficient interest in preventing the alleged unauthorized initiation of a lawsuit on its behalf and alleged unauthorized use of its logo and trademarks; such interests of the ACLU may be affected by the disposition of this lawsuit; and Professor Broderick does not represent the ACLU's interests.  See Fed. R. Civ. P. 24(a)(2); Liberty Mut. Ins. Co. v. Treesdale, Inc., 419 F.3d 216, 220 (3d Cir. 2005) (setting forth the requirements that must be met to establish entitlement to intervene as of right pursuant to Rule 24(a)(2)).

   The Court will also strike the ACLU's name from the complaint.  Not only was Professor Broderick not authorized to bring a lawsuit on behalf of the ACLU, but none of the purported

---

[2] The relevant documentation from the United States Patent and Trademark Office is attached to the ACLU's submissions.  The ACLU does not request that the Court, in the instant case, enjoin Professor Broderick from infringing upon its trademarks.  To the extent that the ACLU wishes to pursue such relief, they must do so in a separate action.

[3] The ACLU filed its motion approximately one month after the complaint was filed.  Neither defendant has answered the complaint, presumably because it does not appear that they have been served with the summons and complaint.  Despite Professor Broderick's attempts at scheduling his own pre-trial conference, no pre-trial conference or other scheduling conference has occurred in this matter.  See, e.g., Fund For Animals, Inc. v. Norton, 322 F.3d 728, 735 (D.C. Cir. 2003) (holding that motion to intervene was timely when filed "less than two months after plaintiffs filed their complaint and before the defendants filed an answer").

allegations in the complaint have anything to do with the ACLU.  Further, there is no averment in the complaint that any of the ACLU's rights were infringed upon, only individual gripes of Professor Broderick.  As an alternative ground, even if the Court were not to strike the ACLU's name from this lawsuit, this case would nevertheless be dismissed due to lack of subject matter jurisdiction because the complaint identifies no injury to the ACLU which would provide the ACLU with standing to bring this action.  See, e.g., Storino v. Borough of Point Pleasant Beach, 322 F.3d 293, 296 (3d Cir. 2003) (stating that if a plaintiff lacks standing the court lacks subject matter jurisdiction to decide the case and that to establish standing, "the plaintiff must have suffered an injury-in-fact—an invasion of a legally protected interest").[4]

       The Court will not *sua sponte* substitute Professor Broderick as a plaintiff in this case. Professor Broderick chose not to bring this lawsuit individually and, in any event, his purported allegations fail to meet the pleading requirements of Fed. R. Civ. P. 8 in that he fails to provide a short and plain statement of his claims for relief.  Should Professor Broderick wish to pursue this litigation individually, he may file an amended complaint by July 2, 2007 which identifies himself as the plaintiff, provides his correct mailing address, and complies with the requirements of the Federal Rules of Civil Procedure.  Professor Broderick's failure to do so will result in the dismissal of this action with prejudice.

       An appropriate order accompanies this letter opinion.

       s/ Jose L. Linares
       United States District Judge

---

[4] Furthermore, Professor Broderick's purported business entity entitled the "American Civil Liberties Union" is not entitled to proceed in this Court *pro se*.  See, e.g., Van De Berg v. C.I.R., 175 Fed. Appx. 539, 541 (3d Cir. Apr. 7, 2006) (" 'It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel . . . .  the rationale for that rule applies equally to all artificial entities.' " (quoting Rowland v. California Men's Colony, 506 U.S. 194, 201-02 (1993))).